**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KIRK PRYOR,
*Defendant-Appellant.*

No. 02-4577

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

TIMNAH K. RUDISILL,
*Defendant-Appellant.*

No. 02-4683

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

DENNIS MERRIMON WATERS,
*Defendant-Appellant.*

No. 02-4804

Appeals from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-01-48)

Submitted: July 2, 2003

Decided: September 15, 2003

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Marc Seguinot, McLean, Virginia; Gregory A. Newman, BLAN-CHARD, BOWEN, NEWMAN & JUSTICE, Hendersonville, North Carolina; Roy H. Patton, Jr., Canton, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Kirk Pryor, Timnah K. Rudisill, and Dennis Merrimon Waters (collectively "Appellants") appeal their convictions and life sentences for conspiracy to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846 (2000). Having considered their claims in turn, we affirm Appellants' convictions and sentences.

Appellants claim collectively that the district court erred in enhancing their sentences pursuant to 21 U.S.C. § 841(b)(1)(A). They base their claim on the assertion that § 841(b)(1)(A) does not encompass the conspiracy statute. *See* 21 U.S.C. § 846. This court has previously concluded that a conviction for conspiracy carries the same punishment as the crime that is the object of the conspiracy. *See United States v. Irvin*, 2 F.3d 72, 74-75 (4th Cir. 1993). Accordingly, we deny relief on this claim.

Turning to Appellants' individual claims, Pryor asserts that there was insufficient evidence to support his conviction for conspiracy.

Viewing the evidence in the light most favorable to the Government, we disagree. *See Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Harris*, 39 F.3d 1262, 1267 (4th Cir. 1994). Evidence at trial demonstrated that Pryor was a mid-level distributor of narcotics. He bought and sold cocaine and cocaine base. Several street-level narcotics dealers purchased cocaine from Pryor on a regular basis for the purpose of reselling it to their own customers. The quantities of cocaine sold by Pryor were described by one witness as "wholesale" quantities. Based on this evidence, we conclude that the Government met its burden. *See United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993).

Pryor also claims that the district court erred in its conclusion that he acted as a manager or supervisor in the conspiracy. *See U.S. Sentencing Guidelines Manual* § 3B1.1(b) (2001). We review this claim for clear error. *See United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997). The district court's conclusion was based, in part, on the presentence investigation report ("PSR"), which noted: "Pryor traveled to Florida for cocaine and distributed the drug to at least four other co-conspirators for further distribution." (J.A. at 767). A defendant bears the affirmative duty to demonstrate the unreliable nature of the information contained in the PSR and to articulate a basis for the lack of truthfulness or trustworthiness of the information contained therein. *See United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990). Without such an affirmative showing, the district court is free to adopt the findings contained in the PSR without further explanation. *See id.* Pryor failed to make any effort at the sentencing hearing to rebut the findings in the PSR. Furthermore, evidence at trial indicated that Pryor distributed to at least four participants in the conspiracy. Accordingly, we conclude that the district court's finding was not clearly erroneous.

Waters claims that his conviction violates the Double Jeopardy Clause because it was based on the same factual basis as a prior state court conviction. There is no prohibition against subsequent prosecution in federal court following prosecution by a state sovereign. *See Abbate v. United States*, 359 U.S. 187, 193 (1959). Accordingly, we deny relief on this claim.

Rudisill claims that application of the enhanced sentence under § 841(b)(1)(A) amounts to error because the jury was not presented

with the question of the temporal nexus between his prior convictions and the scope of his involvement in the conspiracy. However, as noted by the Government, we have previously concluded that "[c]onspiracy is a continuing offense, constantly renewing itself." *United States v. Carter*, 300 F.3d 415, 427 (4th Cir.), *cert. denied*, 123 S. Ct. 614 (2002). On the basis of this holding and additional evidence at trial demonstrating Rudisill's continuing involvement in the conspiracy following the finalization of his convictions, we conclude that the district court did not err in applying the enhanced sentencing provisions of § 841(b)(1)(A).

Rudisill next claims that the district court erred in considering his prior conviction for possession of marijuana with intent to distribute as a felony because, under the North Carolina sentencing guidelines, he was determined to be eligible for a sentence of between six and eight months. However, because Rudisill was statutorily subject to a maximum sentence of up to fifteen months, *see* N.C. Gen. Stat. § 15A-1340.17(c), (d) (2002), the district court did not err in considering the conviction as a prior predicate felony. *See United States v. Jones*, 195 F.3d 205, 207 (4th Cir. 1999) (holding that the maximum statutory sentence, not the actual sentence applicable to a potential defendant, controls the determination of an offense's status as a felony).

Rudisill's final claim is that the district court erred in its findings related to relevant drug quantities under the sentencing guidelines. As Rudisill notes, this claim is only relevant if his mandatory life sentence is invalidated. Because we have found nothing to invalidate his sentence, this final claim warrants no relief.

We affirm Appellants' convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*