UNITED STATES of America, Plaintiff–Appellee,

v.

Daryl Lamar JONES, Defendant–Appellant.

No. 98–4772.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 24, 1999.

Decided Nov. 10, 1999.

**ARGUED:** Thomas Norman Cochran, Assistant Federal Public Defender,

Greensboro, North Carolina, for Appellant. Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.

Before LUTTIG, MICHAEL, and KING, Circuit Judges.

Affirmed by published opinion. Judge LUTTIG wrote the opinion, in which Judge MICHAEL and Judge KING joined.

## OPINION

LUTTIG, Circuit Judge:

Appellant Daryl Jones appeals from a district court order denying his motion to dismiss his indictment. For the reasons set forth below, we affirm.

### I.

Jones was indicted on February 25, 1998 for violating 18 U.S.C. § 922(g)(1), which reads as follows:

> (g) It shall be unlawful for any person
>
> (1) who has been convicted in any court of *a crime punishable by imprisonment for a term exceeding one year* ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition....

18 U.S.C. § 922(g)(1) (emphasis added). The predicate for this federal offense was Jones' prior conviction of possession of a firearm by a felon in violation of N.C. Gen.Stat. § 14–415.1.

Jones moved to dismiss his indictment contending that his predicate crime was not punishable by imprisonment for a term exceeding one year. The district court denied the motion.

Jones then pled guilty on May 27, 1998, reserving the right to appeal the denial of his motion to dismiss the indictment. Jones now brings that appeal.

### II.

Jones argues that the district court erred in holding that his prior state felon-in-possession conviction was "a crime punishable by imprisonment for a term exceeding one year," because under North Carolina's sentencing scheme, *his* maximum sentence did not exceed twelve months.

Since 1994, North Carolina has used a "Structured Sentencing" scheme to sentence criminals. *See* N.C. Gen.Stat. § 15A–1340.17. The scheme is a grid on which the class of the offense determines the horizontal row into which a defendant must be placed, and the defendant's prior record dictates the vertical column. Within the appropriate offense-prior record cell, the statute prescribes three minimum sentencing ranges for the individual defendant, dependent upon whether the court finds more mitigating factors, more aggravating factors, or otherwise. Once the court decides on a minimum, N.C. Gen. Stat. § 15A–1340.17(d) dictates the corresponding maximum for that minimum.

Jones' predicate crime was a Class H offense, and his 3 Prior Record Points placed him in column II of the grid. Within the H–II cell, the court could have sentenced Jones to a minimum of 4 to 6 months if more mitigating factors were present, 8 to 10 months if more aggravating factors were present, or 6 to 8 months otherwise (the presumptive range). Jones was sentenced to 8 months minimum, the high end of the presumptive range. The corresponding statutory maximum for his minimum sentence was 10 months.

Jones, recognizing that what matters for purposes of section 922(g) is what a defendant *could have received* for his offense of conviction, argues that the maximum he could have received was twelve months. That is, if the court had determined that there were aggravating factors present, Jones' minimum sentence could have been as high as 10 months within the H–II cell, in which event the corresponding maxi-

mum sentence would have been 12 months. Therefore, Jones argues, he was not "convicted of a crime punishable by imprisonment for a term *exceeding* one year," and thus the indictment should have been dismissed. To Jones, the fact that the maximum imprisonment time for a crime classified in row H is 30 months is irrelevant.

Jones' theory of the meaning of section 922 accords with neither the language of section 922(g)(1) nor North Carolina judicial practice. Section 922(g)(1) requires only that the *crime* be punishable by a term exceeding one year. As the Supreme Court recognized in *Dickerson v. New Banner Institute*, 460 U.S. 103, 103 S.Ct. 986, 74 L.Ed.2d 845 (1983), "[i]t was plainly irrelevant to Congress whether the individual in question actually receives a prison term; the statute imposes disabilities on one convicted of 'a crime punishable by imprisonment for a term exceeding one year.'" *Id.* at 113, 103 S.Ct. 986. The district court explained the statute's meaning well:

> [I]n § 922(g)(1), "punishable" is an adjective used to describe "crime." As such, it is more closely linked to the conduct, the crime, than it is to the individual convicted of the conduct. Congress could have written § 922(g)(1) differently had it intended to focus on the individual in particular rather than the crime for which the individual was convicted. Instead of the phrase, "individual convicted ... of a crime punishable by imprisonment for a term exceeding one year," Congress could have used the phrase, "individual *punished* by imprisonment for a term exceeding one year" or even "individual *sentenced* for imprisonment for a term exceeding one year."

J.A. 61. Jones' only response to this analysis that the statute is concerned with the potential punishment for the crime, not the individual, is that "the district court's determination of to what section 922(g)(1) should be linked, whether correct or not for some jurisdiction, is *simply irrelevant* when it comes to North Carolina's sentencing laws." Appellant's Reply Br. at 2. The logical conclusion of Jones' theory, however, as Jones himself must acknowledge, is that all criminals sentenced under Structured Sentencing in North Carolina are exempt from section 922(g)(1), because there are no maximum sentences for *crimes* in North Carolina, but, rather, only maximum sentences (that could potentially exceed one year) for *individuals.** See* Appellants' Reply Br. at 1 ("Simply put, under North Carolina's sentencing laws, there are no maximum penalties for any *crime.*"). This, we are confident, would never have been intended by Congress.

Jones' contentions notwithstanding, section 922(g)(1)'s language can comfortably be reconciled with North Carolina's sentencing scheme by viewing the offense statutory maximum as the statutory maximum for the crime, regardless of the prior criminal record status of the defendant. Moreover, viewing the class maximum as the statutory maximum for the crime appears to accord both with the general practice in North Carolina courts and with the understanding of the court in Jones' case in particular. District Judge Spivey of North Carolina explained by letter that he prepared a worksheet for use by Judges of First Appearance to inform them of the potential maximum sentences for crimes, and the maximum on the worksheet for Class H felonies was 30 months. J.A. 54–55. Even Jones' only witness, Professor Rubin, acknowledged that North Carolina "judges, out of caution, will advise the

---

* Additionally, Jones does not provide a reasoned basis for equating the individualized maximum sentence with the "cell" maximum. There is no more reason to limit the maximum to the cell, than to limit it to the smaller range, in his case, of 6 to 8 months minimum for a person in cell H–II who committed a

crime with no mitigating or aggravating factors present, to the cell within the cell. After all, just as Jones could not possibly be sentenced as if he had more priors than he does, he also could not be sentenced as if mitigating or aggravating factors that were not present were present.

person [at arraignment] of the maximum on the far right-hand side of the chart as if ... the person might have the worst possible record." J.A. 27. Finally, the United States claimed at Jones' hearing, and Jones has not contested on appeal, that on the day of Jones' plea for the state offense, "he was advised that the maximum punishment for that offense was 30 months." J.A. 31.

Accordingly, for the reasons stated herein, the judgment of the district court is affirmed.

*AFFIRMED*