UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 99-4273

MIGUEL ANGEL CHAVEZ-LOPEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-318)

Submitted: February 15, 2000

Decided: March 14, 2000

Before NIEMEYER and LUTTIG, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis L. Allen, III, Federal Public Defender, William S. Trivette,
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant. Walter C. Holton, Jr., United States Attorney, Angela H.
Miller, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Miguel Angel Chavez-Lopez was convicted pursuant to his guilty pleas of possession with intent to distribute cocaine and illegal reentry by a deported alien. On appeal, Chavez-Lopez alleges that the district court erred by sentencing him as a career offender pursuant to USSG § 4B1.1.[1] Finding no error, we affirm.

Chavez-Lopez, a Mexican citizen, was convicted of various drug offenses in June 1998 in North Carolina, and he was deported to Mexico on September 19, 1998.[2] Chavez-Lopez illegally reentered the United States and was arrested on October 21, 1998, when he attempted to sell approximately one kilogram of cocaine to a confidential informant. At sentencing, Chavez-Lopez objected to the inclusion of the June 1998 conviction in determining his status as a career offender.

A defendant is a career offender under USSG § 4B1.1 if (1) he is at least eighteen years old at the time of the current offense; (2) the current conviction is for a crime of violence or drugs; and (3) he has at least two prior felony convictions for violent crimes or drugs.[3] The Guidelines define a "prior felony conviction" as "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." USSG § 4B1.2, comment. (n. 1). At issue

_____

[1] **U.S. Sentencing Guidelines Manual** (1998).
[2] Chavez-Lopez had previously been convicted of various felony drug offenses in 1997 in Florida, and he does not challenge the inclusion of this conviction.

[3] In the present case, the first two elements are unchallenged.

2

in the present case is whether Chavez-Lopez's June 1998 conviction counts as a "prior felony conviction" for purposes of sentencing.

Since 1994, North Carolina has employed a "structured sentencing" scheme in which there are no express maximum sentences for individual offenses.[4] Instead, offenses are divided into classes, for which there are maximum sentences.[5] However, an individual defendant's minimum and maximum sentences are determined based on his prior record and whether an aggravated, mitigated, or presumptive sentence applies.

In the present case, Chavez-Lopez's June 1998 conviction was considered a "Class I felony." The minimum sentences for this class range from three to twelve months, with corresponding maximum sentences ranging from four to fifteen months. See N.C. Gen. Stat. § 15A-1340.17(c), (d) (1997). Based on the individual factors applicable to him, Chavez-Lopez's maximum sentence was only ten months.

Chavez-Lopez argues that the district court should have based its sentencing decision on his individual maximum sentence of ten months, in which case his June 1998 conviction would not qualify as a prior felony for purposes of USSG § 4B1.1. We recently resolved this issue against Chavez-Lopez in United States v. Jones, 195 F.3d 205 (4th Cir. 1999) (holding that, under federal law, the focus is on the potential punishment for the crime, not the individual).

We therefore affirm Chavez-Lopez's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

_____

4 See N.C. Gen. Stat. § 15A-1340.17 (1997).

5 The maximum sentences are not"fixed." Instead, they are found using a table and are based on the minimum sentence applicable to a particular defendant.

3