**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4556

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTJUANE GLENTO DILWORTH,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-04-412)

Submitted: November 30, 2005      Decided: December 19, 2005

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A. J. Lang, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Antjuane Glento Dilworth pled guilty to possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (2000); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(2000). The district court sentenced him to a total of 262 months' imprisonment.

Dilworth maintains that he was erroneously sentenced as a career offender because one of his predicate offenses was not punishable by imprisonment for a term exceeding one year. See U.S. Sentencing Guidelines Manual ("USSG") § 4B1.2(a) (2004) (defining "crime of violence"). Specifically, Dilworth asserts that the district court erred in finding a 1996 breaking and entering conviction applied as a predicate "crime of violence" conviction. While the maximum aggravated punishment for this Class H conviction was thirty months' imprisonment, Dilworth notes that, based on his criminal history, and in the absence of aggravating factors, the maximum sentence he could have received was twelve months. Dilworth thus maintains that his sentence could not have exceeded a year, and that this conviction does not qualify as a "crime of violence" for career offender purposes.

We conclude that the district court did not err. See United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (holding that United States v. Jones, 195 F.3d 205 (4th Cir. 1999),

- 2 -

is still viable after <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and reaffirming that "a prior North Carolina conviction was for 'a crime punishable by imprisonment for a term exceeding one year' if <u>any</u> defendant charged with that crime could receive a sentence of more than one year." (internal citation omitted)).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>