**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4864**

———————

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

DANIEL MEADOWS,

                              Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-03-221)

———————

Submitted:  November 30, 2005       Decided:  January 3, 2006

———————

Before LUTTIG, WILLIAMS, and MOTZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

James Wyda, Federal Public Defender, Beth M. Farber, Assistant
Federal Public Defender, Martin G. Bahl, Staff Attorney, Baltimore,
Maryland, for Appellant.  Thomas M. DiBiagio, United States
Attorney, Charles J. Peters, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Daniel Meadows pled guilty, pursuant to a plea agreement, to one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to 210 months' imprisonment, followed by four years of supervised release. He appeals his sentence.

Meadows contends that his North Carolina conviction for possession with intent to deliver cocaine was not a felony offense under Blakely v. Washington, 542 U.S. 296 (2004), because, without aggravating factors, the maximum allowable sentence he could have received under applicable state sentencing guidelines did not exceed twelve months. It is undisputed, however, that the statutory maximum for the offense of which Meadows was convicted exceeded one year. In light of this fact, Meadows' argument is foreclosed by our recent decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely and United States v. Booker, 125 S. Ct. 738 (2005), and reaffirming that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year if any defendant charged with that crime could receive a sentence of more than one year" (internal citation and quotation marks omitted)). We find no basis to distinguish this case from Harp, and accordingly conclude the argument is without merit.

- 2 -

Meadows also claims the district court erred when it enhanced his sentence using his two prior felony convictions that were neither charged in his indictment nor admitted in his guilty plea. In <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 233-35 (1998), the Supreme Court held that the government need not allege in its indictment and need not prove beyond reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence. Although the opinion in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), expressed some uncertainty regarding the future vitality of <u>Almendarez-Torres</u>, we have concluded that <u>Almendarez-Torres</u> was not overruled by <u>Apprendi</u> or <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), and remains the law. <u>See</u> <u>United States v. Cheek</u>, 415 F.3d 349 (4th Cir. 2005); <u>see also</u> <u>United States v. Sterling</u>, 283 F.3d 216, 220 (4th Cir. 2002). This argument is without merit.

Finally, we consider whether the district court erred in treating the sentencing guidelines as mandatory in determining Meadows' sentence. Because Meadows did not raise an objection to the application of the guidelines as mandatory before the district court, this court reviews for plain error. <u>United States v. White</u>, 405 F.3d 208, 215 (4th Cir. 2005).

In <u>White</u>, this court held that treating the guidelines as mandatory was error and that the error was plain. <u>Id.</u> at 216-17. The court declined to presume prejudice, <u>id.</u> at 217-22, and held

- 3 -

that the "prejudice inquiry, therefore, is . . . whether after pondering all that happened without stripping the erroneous action from the whole, . . . the judgment was . . . substantially swayed by the error." Id. at 223 (internal quotation marks and citations omitted). To make this showing, a defendant must "demonstrate, based on the record, that the treatment of the guidelines as mandatory caused the district court to impose a longer sentence than it otherwise would have imposed." Id. at 224. Because the record in White provided no nonspeculative basis suggesting that the court would have sentenced the defendant to a lower sentence had the court sentenced under an advisory guideline scheme, this court concluded that the error did not affect the defendant's substantial rights. Id. at 225. Thus, we affirmed the sentence. Id.

In this case, during the sentencing hearing, the court made comments suggesting that it considered itself constrained by the then-mandatory guidelines range. However, the comments were equivocal, and the court did not explicitly state that it would have given a lower sentence but for the guidelines. Accordingly, we find there is no nonspeculative basis for remanding the case to the district court to determine whether Meadows was prejudiced by the mandatory application of the guidelines.

Accordingly, we affirm the judgment of the district court. We deny Meadows' motion to remand. We dispense with oral

argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED