**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4130**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSEPH ANTHONY BELL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (CR-04-108-BR)

Submitted:  January 27, 2006      Decided:  February 10, 2006

Before NIEMEYER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Sherri R. Alspaugh, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Christine Witcover Dean, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Joseph Anthony Bell appeals his conviction and sentence for being a felon in possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) and 924. Under United States Sentencing Guideline ("USSG") §2K2.1, Bell's base offense level for the violation was twenty, increased by two levels pursuant to USSG § 2K2.1(b)(1)(A) because the offense involved three-to-seven firearms. With a total offense level of twenty-two, and a criminal history category of III, Bell's recommended guideline range was fifty-one to sixty-three months' imprisonment. The district court treated the guidelines as mandatory and imposed a sentence of fifty-six months imprisonment along with a three-year term of supervised release. However, following our guidance in United States v. Hammoud, 381 F.3d 316, 353 (4th Cir. 2004) (en banc), judgment vacated, 125 S. Ct. 1051 (2005), the district court stated that the sentence would be the same if the guidelines were merely advisory. Finding no reversible error, we affirm.

Bell's first claim is that his prior North Carolina conviction of possession with intent to distribute marijuana, imposed pursuant to N.C. Gen. Stat. § 15A-1340.17, cannot form the predicate for his § 922(g) conviction because the former was not for a crime punishable by imprisonment for a term exceeding one year. For the same reason, Bell argues that the district court erred in relying

2

upon this conviction to increase his base offense level from fourteen to twenty under USSG § 2K2.1(b)(1)(A). Bell's arguments in this regard are foreclosed by our recent decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005) (holding that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), and reaffirming that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year if any defendant charged with that crime could receive a sentence of more than one year" (internal citation and quotation marks omitted)).

Bell next claims that the district court abused its discretion when it excluded testimony offered to impeach the character and conduct of two witnesses called by the prosecution. The district court ruled that the evidence was not admissible under Federal Rule of Evidence 608 and disallowed the testimony. We have reviewed the parties' briefs on this issue, the joint appendix, and the district court's order and conclude that the district court did not abuse its discretion in ruling that the evidence was not admissible under Rule 608.

Bell next contends that his sentence was unreasonable because the district court erroneously imposed a two-level enhancement for an offense involving three-to-seven firearms pursuant to USSG § 2K2.1(b)(1)(A), in its guideline calculation. At the time of his

3

arrest, Bell was traveling as a passenger in a car driven by Harold Oxendine. A rifle was found in the trunk of the vehicle, which Bell and Oxendine had earlier retrieved from a garage at his parents' home. Bell admitted that the rifle belonged to him, and advised federal agents that there were three additional firearms stored in the same garage. On appeal, Bell argues that this evidence of mere ownership was insufficient to demonstrate that he had actual or constructive possession of guns stored in a garage owned by someone else. We hold that the district court's imposition of the two-level enhancement was not clearly erroneous. See United States v. Jackson, 124 F.3d 607, 610 (4th Cir. 1997) (Constructive possession exists when "the defendant exercised, or had the power to exercise, dominion and control over the item." (internal quotation marks omitted)).

In addition to the above claims, Bell has sought leave to file a pro se supplemental brief, raising a Booker claim, as well as a claim that the court erred in not imposing an offense level of six pursuant to the provisions of USSG § 2K2.1(b)(2). We find no error in the district court's guidelines calculation under § 2K2.1 and, because the district court imposed an identical sentence pursuant to our guidance in Hammoud, the asserted Booker error was harmless.

Accordingly, we grant Bell's motion to file a supplemental brief. We affirm Bell's conviction and sentence. We dispense with oral argument because the facts and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED