**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4891**

———————

UNITED STATES OF AMERICA,

                                    Plaintiff - Appellee,

        versus

ARBERLIE WALLER, a/k/a Alberlie Walker,

                                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  James A. Beaty, Jr.,
District Judge.  (CR-05-75)

———————

Submitted:  March 31, 2006          Decided:  April 12, 2006

———————

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
Greensboro, North Carolina, for Appellant. Anna Mills Wagoner,
United States Attorney, Michael A. DeFranco, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Arberlie Waller pled guilty to being a felon in possession of a firearm. The district court found that his Sentencing Guideline base offense level was 24, under U.S. Sentencing Guidelines Manual § 2K2.1(a)(2) (2004), because of his previous North Carolina convictions for felony distribution of cocaine and felony breaking and entering. On appeal, Waller disputes the propriety of the sentencing enhancement, arguing that, under the North Carolina law and his particular criminal history he only faced one year or less of imprisonment for the breaking and entering conviction. Thus, he argues that his breaking and entering conviction was not a proper predicate for the enhanced base offense level under USSG § 2K2.1(a)(2). See USSG § 2K2.1(a)(2) comment. (n.1) (defining "felony conviction").

We conclude that the district court did not err. See United States v. Harp, 406 F.3d 242, 246 (4th Cir.) (holding that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and reaffirming that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year . . . if any defendant charged with that crime could receive a sentence of more than one year." (internal quotation marks and citation omitted, emphasis in original)), cert. denied, 126 S. Ct. 297 (2005).

Accordingly, we affirm Waller's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED