**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 05-5147**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM KEVIN GOODWIN,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-05-174-NCT)

─────────────

Submitted: April 27, 2006                    Decided: May 3, 2006

─────────────

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William Kevin Goodwin pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2000), and was sentenced to thirty months' imprisonment, three years of supervised release, and ordered to pay the statutory assessment of $100. The district court denied Goodwin's pre-plea motion in which Goodwin moved to dismiss the indictment on the ground that his previous North Carolina conviction for possession with intent to sell and deliver cocaine did not constitute a "prior felony" for purposes of § 922(g)(1), because under North Carolina law and his particular criminal history he only faced six to eight months on the drug conviction. Goodwin asserted that the drug conviction was not a proper predicate offense under the indictment because the applicable term of imprisonment was less than one year. Goodwin appeals, raising the same issue, yet acknowledging that his claim is foreclosed by circuit precedent.

We conclude, as Goodwin admits, that the district court did not err because his argument is foreclosed by this court's decision in United States v. Harp, 406 F.3d 242, 246 (4th Cir.) (holding that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and reaffirming that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year if any defendant

- 2 -

charged with that crime could receive a sentence of more than one year." (internal quotation marks and citation omitted, emphasis in original)), <u>cert. denied</u>, 126 S. Ct. 297 (2005). Thus, because a sentence of over twelve months could be imposed on a defendant convicted of possession with intent to sell and deliver cocaine, Goodwin's prior conviction was properly considered a felony.

Accordingly, we affirm Goodwin's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>