**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5065**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JACQUELINE QUANTELLA FOWLER,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, District Judge.  (CR-04-58)

_____

Submitted: May 3, 2006                    Decided: May 25, 2006

_____

Before LUTTIG,[*] WILLIAMS, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Vidalia Patterson, Research/Writing Attorney, Raleigh, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

[*]Judge Luttig was a member of the original panel but did not participate in this decision.  This opinion is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Following a bench trial, Jacqueline Quantella Fowler was convicted of one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). Fowler was sentenced to twenty-seven months' imprisonment. We find no error and affirm Fowler's conviction and sentence.

Fowler first contends that her predicate state conviction did not satisfy § 922(g)(1) as a matter of law. She reasons that, under North Carolina law, her maximum sentence was twelve months because no aggravating factors were admitted to or found by a jury beyond a reasonable doubt. See North Carolina v. Allen, 615 S.E.2d 256, 265 (N.C. 2005) (holding, after Blakely v. Washington, 542 U.S. 296 (2004), statutory maximum is the maximum that a particular defendant can face in light of her criminal history and the facts found by a jury or admitted by defendant). However, as Fowler conceded at trial, her argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005), which holds that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely and United States v. Booker, 543 U.S. 220 (2005), and reaffirms that a prior North Carolina conviction satisfies § 922(g)(1) if any defendant charged with that crime could receive a sentence in excess of one year. Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of felony

- 3 -

possession of cocaine in North Carolina, Fowler's prior conviction was properly considered a predicate felony under § 922(g)(1).

Fowler also contends that her sentence is unreasonable. After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. If the sentence imposed is within the properly calculated guideline range, it is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir. 2006), cert. denied, __ U.S. __, 2006 WL 1057741 (U.S. May 22, 2006) (No. 05-10474). Because the district court appropriately treated the guidelines as advisory, properly calculated and considered the guideline range, and weighed the relevant § 3553(a) factors, we conclude Fowler's sentence is reasonable.

Accordingly, we affirm Fowler's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED