**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 06-4194

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHELIA GAIL SMITH,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:05-cr-00209-WLO)

_____

Submitted:  May 18, 2006                     Decided:  May 30, 2006

_____

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Shelia Gail Smith entered a conditional plea of guilty to possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1) (2000). The district court imposed an eighteen-month sentence. On appeal, Smith contends that the district court erred in denying her motion to dismiss the indictment, because her prior conviction was not punishable by imprisonment for a term exceeding one year, and therefore did not qualify as a felony offense. Specifically, Smith asserts that the district court erred in finding that her June 21, 2004 conviction in North Carolina for possession of cocaine was punishable by more than one year in prison, and therefore qualified as a felony drug offense. See 21 U.S.C. § 802(44) (2000). While the maximum aggravated punishment for this Class I conviction was fifteen months' imprisonment, Smith notes that, based on her criminal history, and in the absence of aggravating factors, the maximum sentence she could have received was eight months. Smith thus maintains that her sentence could not have exceeded a year, and that this conviction does not qualify as a felony conviction under 18 U.S.C. § 922(g)(1).

Smith concedes that this argument is foreclosed by our opinion in United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (holding that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely v. Washington, 542 U.S. 296

- 2 -

(2004), and <u>United States v. Booker</u>, 543 U.S. 220 (2005)), and we agree.  Accordingly, we conclude that the district court did not err.  <u>See</u> <u>id.</u> at 246 (reaffirming that "a prior North Carolina conviction was for 'a crime punishable by imprisonment for a term exceeding one year' if any defendant charged with that crime could receive a sentence of more than one year." (internal citation omitted)).

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>