**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

No. 06-4426

—————————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

PAUL ANTHONY FULLER,

                                        Defendant - Appellant.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (1:05-cr-00317-NCT)

—————————

Submitted:  September 27, 2006      Decided:  October 23, 2006

—————————

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
Jr., First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant. Anna Mills Wagoner, United States
Attorney, Michael A. DeFranco, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Paul Anthony Fuller entered a conditional plea of guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Fuller was sentenced to fifty-four months' imprisonment. We find no error and affirm Fuller's conviction.

On appeal, Fuller contends his predicate state conviction did not satisfy § 922(g)(1) as a matter of law. He reasons that, under North Carolina law, his maximum sentence was twelve months because no aggravating factors were either admitted or found by a jury beyond a reasonable doubt. See North Carolina v. Allen, 615 S.E.2d 256, 265 (N.C. 2005) (holding, after Blakely v. Washington, 542 U.S. 296 (2004), statutory maximum is the maximum a defendant can face in light of his criminal history and the facts found by a jury or admitted by defendant). However, as Fuller concedes, his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005), cert. denied, 126 S. Ct. 297 (2005), which holds that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely and United States v. Booker, 543 U.S. 220 (2005), and reaffirms that a prior North Carolina conviction satisfies § 922(g)(1) if any defendant charged with that crime could receive a sentence in excess of one year. Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of felony breaking and entering a

motor vehicle in North Carolina, Fuller's prior conviction was properly considered a predicate felony under § 922(g)(1).

Accordingly, we affirm Fuller's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>