**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4441

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JERRIS LEON MARKHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., District Judge.  (1:05-cr-00204-JAB)

Submitted:  September 25, 2006        Decided:  October 26, 2006

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jerris Leon Markham pled guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2000). Markham was sentenced to thirty-two months' imprisonment. Finding no error, we affirm.

Markham contends that his predicate state conviction did not satisfy § 922(g)(1) as a matter of law. He reasons that, under North Carolina law, his maximum sentence was twelve months because no aggravating factors were admitted to or found by a jury beyond a reasonable doubt. See North Carolina v. Allen, 615 S.E.2d 256, 265 (N.C. 2005) (holding, after Blakely v. Washington, 542 U.S. 296 (2004), statutory maximum is the maximum that a particular defendant can face in light of his criminal history and the facts found by a jury or admitted by defendant). However, Markham concedes that his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005), which holds that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely and United States v. Booker, 543 U.S. 220 (2005), and reaffirms that a prior North Carolina conviction satisfies § 922(g)(1) if any defendant charged with that crime could receive a sentence in excess of one year. Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of felony possession of a stolen automobile in North Carolina, Markham's

- 2 -

prior conviction was properly considered a predicate felony under § 922(g)(1).

Accordingly, we affirm Markham's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED