**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4694**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

REGINALD JARROD DOCKERY,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (1:05-cr-355)

———————

Submitted:  October 20, 2006        Decided:  November 6, 2006

———————

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Lisa B. Boggs, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIUM:

Reginald Jarrod Dockery entered a conditional guilty plea to possession of a firearm after having been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1)(2000), and was sentenced to twenty-seven months of imprisonment. Dockery reserved his right to appeal the district court's denial of his motion to dismiss the indictment on the ground that his previous North Carolina conviction for breaking and entering a motor vehicle and felonious larceny after breaking and entering did not constitute a "prior felony" for purposes of § 922(g)(1). He argues that under North Carolina law and given his particular criminal history, he faced less than one year of imprisonment. Dockery asserts his North Carolina convictions were not proper predicate offenses under the indictment because the applicable term of imprisonment was less than one year. Dockery asserts the same issue on appeal but also acknowledges that his claim is foreclosed by circuit precedent.

We conclude, as Dockery admits, that the district court did not err because his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005), in which we found United States v. Jones, 195 F.3d 205 (4th Cir. 1999), still viable after Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), and reaffirmed that a prior North Carolina conviction satisfies § 922(g)(1) if any defendant charged with that crime could receive

- 2 -

a sentence in excess of one year.  Thus, because a sentence of over twelve months could be imposed on a defendant convicted of breaking and entering a motor vehicle and felonious larceny after breaking and entering, Dockery's prior convictions were properly considered felonies.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED