**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4675**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE LUIS BOTELLO,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:05-cr-00406)

———————

Submitted:  January 31, 2007          Decided:  March 5, 2007

———————

Before WILLIAMS, KING, and GREGORY, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Louis C. Allen, III, Federal Public Defender, William C. Ingram, Jr., First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Paul A. Weinman, Assistant United States Attorney, Winston-Salem, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Luis Botello entered a conditional plea of guilty to one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). Botello was sentenced by the district court to fifty-five months' imprisonment. We find no error and affirm Botello's conviction.

On appeal, Botello contends his predicate state conviction did not satisfy § 922(g)(1) as a matter of law. He reasons that, under North Carolina law, his maximum sentence was less than twelve months because no aggravating factors were either admitted or found by a jury beyond a reasonable doubt. See North Carolina v. Allen, 615 S.E.2d 256, 265 (N.C. 2005) (holding, after Blakely v. Washington, 542 U.S. 296 (2004), statutory maximum is the maximum a defendant can face in light of his criminal history and the facts found by a jury or admitted by defendant). However, as Botello concedes, his argument is foreclosed by United States v. Harp, 406 F.3d 242, 246-47 (4th Cir.), cert. denied, 126 S. Ct. 297 (2005), which holds that United States v. Jones, 195 F.3d 205 (4th Cir. 1999), is still viable after Blakely and United States v. Booker, 543 U.S. 220 (2005), and reaffirms that a prior North Carolina conviction satisfies § 922(g)(1) if any defendant charged with that crime could receive a sentence in excess of one year. Thus, because it is undisputed that a sentence of over twelve months could be imposed on a defendant convicted of possession with

intent to distribute marijuana in North Carolina, Botello's prior conviction was properly considered a predicate felony under § 922(g)(1).

Accordingly, we affirm Botello's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED