**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4943**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CURTIS LEE WALL,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   William L. Osteen, Jr., District Judge.  (1:08-cr-00017-WO-1)

Submitted:  June 4, 2009              Decided:  July 6, 2009

Before MOTZ, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Terry Michael Meinecke, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Curtis Lee Wall pled guilty pursuant to a written conditional plea agreement* to possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2006), and was sentenced to 84 months in prison. Wall timely appealed.

Counsel for Wall filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), acknowledging that there are no meritorious grounds for appeal, but questioning whether the district court erred by denying Wall's motion for a downward departure and whether the imposed sentence was reasonable. Finding no reversible error, we affirm.

Wall contends the trial court erred by not granting his motion for downward departure based on Wall's mistaken belief that a convicted felon is permitted to possess ammunition. A district court's refusal to depart from the applicable guidelines range does not provide a basis for appeal under 18 U.S.C. § 3742 (2006) "unless the court failed to

---

* Wall preserved for appeal his claim that his prior conviction was not for "a crime punishable by imprisonment for a term exceeding a year," as required by § 922(g)(1), because he received a sentence of less than a year. However, as Wall acknowledged, this court has held that, under § 922(g)(1), we look to the maximum possible sentence, not to the sentence actually imposed, United States v. Jones, 195 F.3d 205, 207-08 (4th Cir. 1999); see also United States v. Harp, 406 F.3d 242, 246-47 (4th Cir. 2005) (reaffirming Jones holding after United States v. Booker, 543 U.S. 220 (2005)).

understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Here, the court clearly recognized its authority to depart but determined that a downward departure was not warranted. Accordingly, this claim is not cognizable on appeal.

A review of the sentencing transcript and the presentence report reveals no error in sentencing. When determining a sentence, the district court must calculate the appropriate advisory guidelines range and consider this range in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, 552 U.S. 381, ___, 128 S. Ct. 586, 596 (2007). Appellate review of a district court's imposition of a sentence, "whether inside, just outside, or significantly outside the [g]uidelines range," is for abuse of discretion. 128 S. Ct. at 591. Sentences within the applicable guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

The district court followed the necessary procedural steps in sentencing Wall, appropriately treating the sentencing guidelines as advisory, properly calculating and considering the applicable guidelines range, performing an "individualized assessment" of the § 3553(a) factors to the facts of the case, and stating in open court the reasons for the sentence. United

States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). Wall's sentence, which is in the middle of the applicable guidelines range and below the statutory maximum of ten years, may be presumed on appeal to be reasonable. We conclude that the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wall, in writing, of the right to petition the Supreme Court of the United States for further review. If Wall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED