Vacated by Supreme Court, June 21, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4904**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOBBY LEE WATSON,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, District Judge. (3:03-cr-00220-FDW-6)

Submitted: May 29, 2009                    Decided: July 7, 2009

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a prior appeal, we affirmed the conviction of Bobby Lee Watson on a charge of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). We also affirmed the district court's determination that Watson's North Carolina conviction for maintaining a vehicle for the keeping or selling of drugs, in violation of N.C. Gen. Stat. Ann. § 90-108(a)(7) (2007), constituted a felony drug offense and subjected him to the enhanced penalties under 21 U.S.C.A. § 841(b)(1)(A) (West 1999 & Supp. 2008). Although Watson was subject to a maximum sentence of ten months on this charge based on his criminal history, the maximum term of imprisonment allowable under the statute was greater than one year and thus qualified as a prior felony conviction. See United States v. Jones, 195 F.3d 205, 206-07 (4th Cir. 1999) (holding that a prior North Carolina conviction qualified as a "crime punishable by imprisonment for a term exceeding one year" if any defendant charged with that offense could be sentenced to greater than one year of imprisonment); see also United States v. Harp, 406 F.3d 242 (4th Cir. 2005) (reaching same conclusion in context of career offender enhancement). However, we found that Watson had only one prior conviction that qualified as a felony drug offense, rather than two, and therefore vacated his life sentence and remanded for

2

resentencing within the statutory sentencing range of twenty years to life.

On resentencing, the district court imposed a twenty-year sentence. Watson now appeals and argues that a recent decision of the Supreme Court requires a contrary resolution of the determination of whether his North Carolina offense qualifies as a felony drug offense.

In United States v. Rodriguez, 128 S. Ct. 1783 (2008), the Supreme Court held that "the phrase 'maximum term of imprisonment . . . prescribed by law' for the 'offense' was not meant to apply to the top sentence in a guidelines range." Id. at 1792. Rather, the maximum term of imprisonment was to be determined based on the maximum set by the recidivist provision of the statute. This ruling supports, rather than contradicts, our decisions in Jones and Harp.

Because Rodriguez does not amount to controlling authority that is contrary to this court's earlier determination that Watson's North Carolina conviction was punishable by more than one year, it does not provide an exception to the law of the case doctrine. See United States v. Aramony, 166 F.3d 655, 661 (4th Cir. 1999). Accordingly, we uphold the determination that Watson had a prior felony drug conviction, and we affirm his 240-month sentence. We deny Watson's motion for leave to file a pro se supplemental brief. We dispense with oral

3

argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED