**James Novia FARRIOR, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Nos. 5:03–CR–356–H, No. 5:11–CV–263–H.**

United States District Court, E.D. North Carolina, Western Division.

Nov. 7, 2011.

James Novia Farrior, Petersburg, VA, pro se.

## ORDER

MALCOLM J. HOWARD, Senior District Judge.

This matter is before the court on petitioner's motion to vacate pursuant to 28 U.S.C. § 2255, filed May 19, 2011 [DE # 27]. On August 9, 2011, the government moved to dismiss petitioner's motion. At the court's request, the government has submitted a supplemental brief addressing the Fourth Circuit's recent decision in *United States v. Simmons*, 649 F.3d 237, 240 (4th Cir.2011). This matter is ripe for adjudication.

## *BACKGROUND*

On February 8, 2005, petitioner, James Novia Farrior, pled guilty to possessing a firearm on June 27, 2003, after having been convicted of an offense "punishable by a term of imprisonment exceeding one year" in violation of 18 U.S.C. § 922(g)(1) (also referred to as "possession of a firearm by a convicted felon"). Following a plea colloquy conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure, petitioner's guilty plea was accepted by the court. At sentencing, petitioner's base offense level was increased pursuant to United States Sentencing Guideline 2K2.1(a)(2) based on a finding that petitioner had previously been convicted of at least two felony offenses involving either violence or controlled substances. Petitioner was also found to be an armed career criminal, resulting in further enhancement of petitioner's sentence. Ultimately, petitioner was sentenced to 179 months' imprisonment. Petitioner now moves to vacate the judgment pursuant to 28 U.S.C. § 2255. Petitioner contends his

plea is constitutionally invalid because the conduct with which he was charged and to which he admitted does not violate 18 U.S.C. § 922(g)(1).

The key question presented by petitioner's motion is whether, prior to June 27, 2003, petitioner had been convicted of an offense "punishable by a term of imprisonment exceeding one year." At the time petitioner pled guilty, the answer to this question was controlled by *United States v. Jones*, 195 F.3d 205 (4th Cir.1999), *abrogated by United States v. Simmons*, 649 F.3d 237 (4th Cir.2011). In *Jones*, the Fourth Circuit rejected the argument that an individualized analysis is required in order to determine whether a North Carolina conviction is for an offense "punishable by a term of imprisonment exceeding one year." *Jones*, 195 F.3d at 206–07; *see also United States v. Harp*, 406 F.3d 242 (2005), *overruled by United States v. Simmons*, 649 F.3d 237 (4th Cir.2011). Instead, the governing law in this circuit required a court to consider the maximum aggravated sentence that **any** defendant charged with that crime could receive. *Id.* Thus, an individual could have a prior conviction "punishable by a term exceeding one year" even if he could not have received a sentence of that duration.

That changed, however, as a result of the Supreme Court's June 14, 2010, decision in *Carachuri–Rosendo v. Holder*, ―― U.S. ――, 130 S.Ct. 2577, 177 L.Ed.2d 68 (2010). On August 17, 2011, the Fourth Circuit issued an en banc decision applying *Carachuri–Rosendo* to facts similar to petitioner's in *United States v. Simmons*, 649 F.3d 237, 240 (4th Cir.2011). Overruling *Jones* and *Harp*, the *Simmons* court held that a court must look to the maximum punishment that the particular offender could have received in determining whether a prior North Carolina conviction may serve as a predicate felony for federal sentencing purposes. *Simmons*, 649 F.3d at 246–49.

## COURT'S DISCUSSION

■ Under 28 U.S.C. § 2255, a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Section 2255(f) provides a one-year limitations period, which generally runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That is not the case, however, where the § 2255 motion involves a right newly recognized by the Supreme Court that is made retroactively applicable to cases on collateral review. In that circumstance, the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).

The rule announced in *Carachuri–Rosendo* and made applicable to petitioner's case by *Simmons* alters the range of conduct or the class of persons that the law punishes. *See Schriro v. Summerlin*, 542 U.S. 348, 351–52, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) (distinguishing between substantive and procedural rules). As such, it is a new substantive right and therefore applies retroactively to cases on collateral review. *Id.* at 352, 124 S.Ct. 2519 ("[Substantive] rules apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal"' or faces a punishment that the law cannot impose upon him." (quoting *Bousley v. United States*, 523 U.S. 614, 620, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998))). Petitioner filed his § 2255 motion on May 20, 2011, within one year of

the Supreme Court's decision in *Carachu-ri–Rosendo*. His motion is therefore timely.

■ Petitioner did not raise on direct appeal the issue presently before the court and this claim is therefore procedurally defaulted. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Procedurally defaulted claims can nevertheless be reviewed on federal habeas review if the petitioner demonstrates "cause and prejudice" or shows that he is "actually innocent" of the charges against him. *Id.*

■ Petitioner asserts that he is actually innocent of having possessed a firearm after having been convicted of an offense punishable by a term of imprisonment exceeding one year. To establish actual innocence, petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). " '[A]ctual innocence' means factual innocence, not mere legal sufficiency." *Bousley*, 523 U.S. at 623, 118 S.Ct. 1604.

> [T]he government is not limited to the existing record to rebut any showing that petitioner might make. Rather, ... the Government should be permitted to present any admissible evidence of petitioner's guilt even if that evidence was not presented during petitioner's plea colloquy.... In cases where the Government has forgone more serious charges in the course of plea bargaining,

petitioner's showing of actual innocence must also extend to those charges.

*Id.* at 624, 118 S.Ct. 1604. If petitioner meets his burden of proving actual innocence, he will then be entitled to have his claim considered on the merits. *Bousley*, 523 U.S. at 624, 118 S.Ct. 1604.

■ The government concedes that a number of petitioner's prior convictions no longer qualify as predicate felonies for purposes of petitioner's conviction for possession of a firearm in violation of 18 U.S.C. § 922(g)(1) or his enhancement as an armed career criminal.[1] (Govt.'s Supp. Mem. [DE # 38] at 4 (discussing convictions listed in ¶¶ 11, 12 and 13 of petitioner's presentence report)). As a consequence, the government agrees that petitioner is not an armed career criminal and that his sentence should be vacated.

However, the government disputes petitioner's claim that he is actually innocent of the § 922(g)(1) offense. The government asserts that two of petitioner's prior convictions qualify as predicate felonies. Specifically, the government cites petitioner's North Carolina convictions of selling cocaine listed in ¶¶ 16 and 17 of the presentence report. The government correctly notes that both of these offenses are Class G offenses and that petitioner's prior record level was II at the time of his conviction of these offenses. The court made no findings in aggravation of petitioner's sentence; therefore, the maximum punishment that petitioner faced for each of these offenses was seventeen months.[2]

---

1. The government does not address the increase in petitioner's base offense level made pursuant to United States Sentencing Guideline 2K2.1(a)(2), nor does the government address whether petitioner's conviction of possession with intent to manufacture, sell and deliver cocaine listed in ¶ 10 of the presentence report qualifies as a predicate felony. It appears that this conviction, like those list-

ed in ¶¶ 11–13 of the presentence report, is not "punishable by a term of imprisonment exceeding one year."

2. In fact, the court made findings in mitigation and imposed a sentence in the mitigated range, thereby reducing the maximum term of imprisonment that could be imposed to fifteen months.

*See* N.C. Gen.Stat. § 15A–1340.17(d). Because these offenses were "punishable by a term exceeding one year," the government contends that petitioner is not actually innocent of the § 922(g)(1) offense.

The government's argument fails to recognize, however, that petitioner was not convicted of the two Class G offenses until October 9, 2003. The firearm possession charge to which petitioner pled guilty in this case is alleged to have occurred on June 27, 2003. Because petitioner had not been convicted of either of the Class G offenses at the time he possessed the firearm on June 27, 2003, these offenses do not qualify as predicate offenses for petitioner's § 922(g)(1) conviction.

The court has reviewed the record in this case and has found no evidence of prior convictions that would qualify as predicate offenses for petitioner's conviction in this case. The court recognizes, however, that the government is not bound by the facts and evidence previously presented to the court. Accordingly, the court determines that the government should be required to show cause, if any, why petitioner should not be granted the relief sought.

### CONCLUSION

For the foregoing reasons, the court hereby ORDERS the government to show cause, if any, within five (5) days of the date of this order, why petitioner's motion should not be granted, the judgment previously entered in this case vacated and petitioner discharged forthwith. The clerk is directed to serve a copy of this order upon the Federal Public Defender.