Vacated by Supreme Court, January 22, 2008

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4139

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WESLEY DEVON FOOTE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., District Judge.  (1:06-cr-00177-NCT)

Submitted:  September 12, 2007      Decided:  October 5, 2007

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, David P. Folmar, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Devon Foote pled guilty to three counts of distribution of cocaine base (crack) after a prior conviction for a drug offense, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2007). He was sentenced as a career offender to a term of 262 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2005). In this appeal, Foote contends that he was improperly sentenced as a career offender, that this court's standard of review for criminal sentences is an unconstitutional return to mandatory guideline sentencing, and that the district court erroneously believed that it lacked authority to impose a sentence below the guideline range based in part on the disparity in sentences for crack and cocaine offenses. We affirm.

Foote first asserts that his 1995 North Carolina conviction for possession of cocaine with intent to distribute was not a felony conviction, as the term is used in § 4B1.1, because the maximum sentence he could have received under North Carolina's structured sentencing scheme was 10-12 months. The offense is a Class H felony, see N.C. Gen. Stat. § 90-95(a)(1), (b)(1) (2005), and the maximum sentence is twenty-five to thirty months imprisonment. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2005). A "prior felony conviction" is defined in Application Note 1 to USSG § 4B1.2 as a state or federal offense "punishable by death or imprisonment exceeding one year."

- 2 -

In <u>United States v. Jones</u>, 195 F.3d 205, 206-07 (4th Cir. 1999), this court held that "a prior North Carolina conviction was for a crime punishable by imprisonment for a term exceeding one year if <u>any</u> defendant charged with that crime could receive a sentence of more than one year." (internal quotation marks and citation omitted). After the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), this court reaffirmed its holding. <u>United States v. Harp</u>, 406 F.3d 242, 246-47 (4th Cir.), <u>cert. denied</u>, 546 U.S. 919 (2005).

Foote acknowledges <u>Harp</u>, but argues that <u>Harp</u> cannot stand in light of <u>Blakely</u>, <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Cunningham v. California</u>, 127 S. Ct. 856 (2007). As noted, <u>Harp</u> specifically held that <u>Blakely</u> did not affect this court's prior holding in <u>Jones</u>. Moreover, <u>Harp</u> was argued and decided after the opinion in <u>Booker</u> issued. Finally, <u>Cunningham</u> does not provide any basis for revisiting the issue. It held that California's determinate sentencing law violated the Sixth Amendment by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated 'upper term' sentence." 127 S. Ct. at 860. However, we noted in <u>Harp</u> that "North Carolina courts have already concluded that the state sentencing regime can accommodate the process that <u>Blakely</u> demands." <u>Harp</u>, 406 F.3d at 247 (citing <u>State v. Harris</u>, 602 S.E.2d 697, 702 (N.C. Ct. App. 2004), <u>holding aff'd</u>, 622 S.E.2d 615, 620

(N.C. 2005)).  In any case, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court.  Only the Supreme Court or this court sitting en banc can do that."  Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

Foote's challenge to this court's decisions which accord a presumption of reasonableness to a sentence within a properly calculated advisory guideline range is foreclosed by Rita v. United States, 127 S. Ct. 2456 (2007).

Last, Foote asserts that the district court erred in refusing to sentence him below the guideline range because of the disparity between cocaine and crack sentences.  This court has held that, after Booker, a sentencing court cannot vary from the advisory sentencing guideline range by substituting its own crack-to-powder cocaine ratio for the 100:1 ratio established by Congress.  United States v. Eura, 440 F.3d 625, 633-34 (4th Cir. 2006), petition for cert. filed, __ U.S.L.W. __ (U.S. June 20, 2006) (No. 05-11659).  Although Foote suggests that we should reconsider the holding in Eura, we will not do so for the reasons previously explained.  See Scotts Co., 315 F.3d at 271-72 n.2.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED