**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 07-4139**

―――――――――

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

WESLEY DEVON FOOTE,

                Defendant - Appellant.

―――――――――

On Remand from the Supreme Court of the United States.
                    (S. Ct. No. 07-7941)

―――――――――

Submitted:  April 15, 2008          Decided:  May 7, 2008

―――――――――

Before MICHAEL, TRAXLER, and KING, Circuit Judges.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Louis C. Allen, Federal Public Defender, William C. Ingram, First
Assistant Federal Public Defender, Greensboro, North Carolina, for
Appellant.  Anna Mills Wagoner, United States Attorney, David P.
Folmar, Jr., Assistant United States Attorney, Greensboro, North
Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Devon Foote pled guilty to three counts of distribution of cocaine base (crack) after a prior conviction for a drug offense, 21 U.S.C.A. § 841(a), (b)(1)(B) (West 1999 & Supp. 2007). He was sentenced as a career offender to a term of 262 months imprisonment. U.S. Sentencing Guidelines Manual § 4B1.1 (2005). Foote appealed his sentence, arguing that he was improperly sentenced as a career offender, that this court's standard of review for criminal sentences is an unconstitutional return to mandatory guideline sentencing, and that the district court erroneously believed that it lacked authority to impose a sentence below the guideline range based in part on the disparity in sentences for crack and cocaine offenses. We affirmed his sentence; however, the Supreme Court subsequently vacated the judgment and remanded the case for reconsideration in light of Kimbrough v. United States, 128 S. Ct. 558 (2007). See United States v. Foote, 249 F. App'x 967 (4th Cir. 2007), vacated, 128 S. Ct. 1133 (2008).

In Kimbrough, the Supreme Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Kimbrough, 128 S. Ct. at 575. Kimbrough has thus abrogated United States v. Eura, 440 F.3d 625

(4th Cir. 2006) (holding that sentencing court may not vary from guideline range solely because of 100:1 ratio for crack/cocaine offenses), <u>vacated</u>, 128 S. Ct. 853 (2008).  The district court did not have the benefit of <u>Kimbrough</u> when it determined Foote's sentence.  To give the district court the opportunity to reconsider the sentence in light of <u>Kimbrough</u>, we conclude that resentencing is necessary.

We therefore vacate the sentence imposed by the district court and remand for resentencing.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[*]On remand, Foote will be resentenced under the revised guidelines for crack offenses that took effect on November 1, 2007.