**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5146**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

WESLEY DEVON FOOTE,

             Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  N. Carlton Tilley,
Jr., Senior District Judge.  (1:06-cr-00177-NCT-1)

Submitted:  August 12, 2010        Decided:  September 14, 2010

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, William C. Ingram,
First Assistant Federal Public Defender, Greensboro, North
Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Randall S. Galyon, Assistant United States Attorney,
Julie Ann Daniel, Third-Year Law Student, Wake Forest
University, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wesley Devon Foote pled guilty to three counts of distributing cocaine base (crack) and was sentenced in 2006 to a term of 262 months imprisonment. We affirmed his sentence; however, the Supreme Court vacated the judgment and remanded his case for reconsideration in light of Kimbrough v. United States, 552 U.S. 85 (2007) (holding that sentencing court may consider crack/powder cocaine sentencing ratio as basis for variance). See United States v. Foote, 249 F. App'x 967 (4th Cir. 2007) (No. 07-4129), vacated, 552 U.S. 1163 (2008). On remand from the Supreme Court, we vacated Foote's sentence and remanded for resentencing "[t]o give the district court the opportunity to reconsider the sentence in light of Kimbrough[.]" United States v. Foote, 276 F. App'x 307 (4th Cir. 2008) (No. 07-4139). The district court again declined to vary below the guideline range and reimposed the same term of 262 months imprisonment.

On appeal, Foote contends that the district court erred in one of two ways; either by not recognizing its "discretion to determine what the appropriate ratio should be between crack and powder cocaine," or by refusing to exercise its discretion. He also suggests that the district court did not adequately explain its reasons for not granting him a downward variance. We affirm.

We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). Generally, this requires us to assess whether the district court properly calculated the guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010) ("[A]n individualized explanation must accompany every sentence."); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). We must also review the substantive reasonableness of the sentence, examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

However, we remanded this case after Kimbrough was decided solely to afford the district court an opportunity to decide whether it wished to vary in light of Kimbrough. The district court's comments during the resentencing leave no doubt that it understood its discretion to vary below the guideline range based on the crack-to-powder cocaine ratio. The court decided not to vary and explained that it wished to leave to Congress the decision as to what the proper sentencing ratio should be. We are satisfied that the district court exercised

3

its discretion, complied with its mandate on remand, and adequately explained its decision.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4