Vacated by Supreme Court, June 21, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4065**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TERRANCE ANTWAN WILLIAMS,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:08-cr-00160-D-1)

Submitted:  October 26, 2009        Decided:  November 24, 2009

Before MOTZ, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Antwan Williams appeals his conviction of possession of a firearm after having been convicted of a crime punishable by more than one year of imprisonment, in violation of 18 U.S.C. § 922(g) (2006), and his 322-month sentence. Williams pled guilty, without a plea agreement, to possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006) (Count One), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count Two), and the felon-in-possession charge (Count Three). On appeal, Williams argues that his conviction and sentence must be vacated because the predicate crimes used to determine that he was a felon and that he qualified for sentencing as a career offender were not punishable by more than one year of imprisonment. He also argues that the district court committed procedural error in failing to adequately consider his request for a downward variance based on the sentencing disparity between powder and crack cocaine. We affirm.

In the presentence report (PSR), the probation officer concluded that Williams qualified for sentencing as a career offender based on two prior North Carolina state court convictions for possession with intent to sell and deliver marijuana. After he received the PSR, Williams filed a motion

to withdraw his guilty plea. In the motion, he asserted that he was actually innocent of the felon-in-possession charge in Count Three, and did not have the required predicate felony convictions for career offender sentencing, because his prior state drug convictions were not punishable by more than one year of imprisonment. He based this argument on the then-recent decision in United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008), which interpreted the North Carolina sentencing statutes to require examining each defendant's prior record level to determine if a particular crime was punishable by more than one year of imprisonment. The Government opposed Williams' motion, relying on this court's decisions in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and United States v. Jones, 195 F.3d 205 (4th Cir. 1999).

At sentencing, the district court concluded that Harp and Jones remained controlling in the Fourth Circuit, and denied the motion to withdraw Williams' guilty plea to the felon-in-possession count. The court also overruled Williams' objections to career offender status and adopted the Guidelines calculations in the PSR. The court sentenced Williams to the bottom of the Guidelines range of 262 months on Count One, a consecutive sixty months on Count Two, and a concurrent 120 months on Count Three, for a total of 322 months of

3

imprisonment, five years of supervised release, and a $300 special assessment.

Williams first asserts that the district court erred in denying his motion to withdraw his guilty plea, based on the same arguments asserted in the district court. He argues that his conviction on Count Three and his career offender sentence must be reversed, because he had not previously been convicted of a crime punishable by more than one year of imprisonment. He again relies on Pruitt, and argues that the decisions in Jones and Harp are no longer good law in light of the Supreme Court's decision in United States v. Rodriquez, 128 S. Ct. 1783 (2008).

A district court's denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000). The defendant has the burden of demonstrating "a fair and just reason" for withdrawal. Fed. R. Crim. P. 32(e); Ubakanma, 215 F.3d at 424. A "fair and just reason" is one that challenges the fairness of the guilty plea colloquy conducted pursuant to Rule 11 of the Federal Rules of Criminal Procedure. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995).

In determining whether the trial court abused its discretion in denying a motion to withdraw a guilty plea, six factors are considered. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Williams asserts that he is factually and

4

legally innocent of the felon-in-possession count because he has not been convicted of a crime punishable by more than one year of imprisonment. Using the same legal basis, Williams also argues that he was improperly sentenced as a career offender. In considering the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Allen, 446 F.3d 522, 527 (4th Cir. 2006).

Williams argues that Pruitt correctly interpreted and applied Rodriquez to the North Carolina sentencing scheme, and therefore his two drug convictions were not punishable by more than one year of imprisonment. This court has repeatedly rejected Williams' argument. Jones rejected analysis of the sentencing situation faced by a particular North Carolina defendant in favor of looking at the maximum sentence that could be imposed on any defendant convicted of a particular crime. Jones, 195 F.3d at 207. Harp rejected a challenge to the Jones methodology and held that the crime of which Williams was convicted, possession with intent to distribute marijuana in North Carolina, is punishable by more than one year of imprisonment and thus constitutes a controlled substance offense for purposes of career offender sentencing. Harp, 406 F.3d at 245-47. Further, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of

5

this court.  Only the Supreme Court or this court sitting en banc can do that."  Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citations omitted).  We conclude that the district court properly denied Williams' motion to withdraw his guilty plea and overruled his objection to career offender status.

Williams also argues that the district court committed procedural error in failing to address his request for a downward variance based on the crack-powder cocaine disparity. This court reviews a sentence for reasonableness under an abuse of discretion standard.  Gall v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007).  This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence.  Id.  After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence.  Id. at 596-97; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review").  Finally, this court reviews the

6

substantive reasonableness of the sentence.  <u>United States v. Pauley</u>, 511 F.3d 468, 473 (4th Cir. 2007).

Our review of the record leads us to conclude that the district court fully and adequately considered Williams' request for a variance as well as his request that the court calculate his offense level using the powder cocaine Guidelines.  The district court made "'an individualized assessment based on the facts presented.'"  <u>Carter</u>, 564 F.3d at 328 (quoting <u>Gall</u>, 128 S. Ct. at 597).  We are also satisfied that the court complied with our instruction that "'[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority.'"  <u>Id.</u> (quoting <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007)); <u>see</u> <u>United States v. Moulden</u>, 478 F.3d 652, 658 (4th Cir. 2007).

Accordingly, we affirm Williams' convictions and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

7