**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5242**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

LEE THOMPSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00135-RJC-1)

Submitted: June 23, 2011        Decided: August 24, 2011

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Vacated in part, affirmed in part, and remanded by unpublished per curiam opinion.

Claire J. Rauscher, Executive Director, Ann L. Hester, Rahwa Gebre-Egziabher, Assistant Federal Defenders, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., for Appellant. Anne M. Tompkins, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lee Thompson appeals the 60-month sentence imposed after he pleaded guilty to one count of unlawful possession or transport of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Thompson contends that the district court erred when it sentenced him at offense level 21, instead of offense level 17, based on its conclusion that Thompson had two prior felony convictions for controlled substances offenses that triggered the higher offense level under U.S.S.G. § 2K2.1(a)(2). In light of our recent precedent in United States v. Simmons, __ F.3d __ (4th Cir. 2011) (en banc), we agree with Thompson that one of the two prior convictions does not qualify as a felony conviction and, accordingly, we vacate the district court's judgment and remand for resentencing.

Thompson also appeals the district court's order to reimburse the United States $500 for court-appointed attorney's fees. Thompson did not object at sentencing but now contends the district court plainly erred by issuing the reimbursement order without having found sufficient evidence demonstrating that he has the ability to pay. Finding no plain error, we affirm.

We first address Thompson's claim that the district court erred in imposing a 60-month sentence. At sentencing, the district court determined that Thompson's offense level was 21, setting the Guidelines range at 57 to 71 months. Thompson objected to this determination because one of the predicate offenses used to calculate the offense level under § 2K2.1(a)(2), a 2004 North Carolina conviction for selling a counterfeit controlled substance, did not actually expose Thompson to more than one year imprisonment.

Following the precedent established by United States v. Harp, 406 F.3d 242 (4th Cir. 2005), and United States v. Jones, 195 F.3d 205 (4th Cir. 1999), the sentencing judge rejected Thompson's argument and found that Thompson's prior conviction could be used to enhance his sentence because the maximum aggravated sentence that could be imposed for the offense exceeded one year. The court then imposed a sentence of 60 months' imprisonment followed by three years of supervised release. Thompson objected to the sentence and timely appealed.

We review a sentence imposed by the district court under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We "must first ensure that the district court committed no significant procedural error, such as failing to

calculate (or improperly calculating) the Guidelines range." Id.

Thompson's North Carolina conviction of selling a counterfeit controlled substance is designated a Class I felony, which is punishable by a sentence exceeding one year imprisonment, but only if the defendant's prior record level at the time of the conviction is V or higher. N.C. Gen. Stat. §§ 90-95(a)(2), 15A-1340.17(c) & (d). The Presentence Investigation Report shows that Thompson's convictions prior to his sentencing for the 2004 North Carolina conviction would have placed him at a prior record level IV.

Our recent decision in Simmons requires that we vacate Thompson's sentence. In Simmons, we considered the precise question of whether a defendant's North Carolina prior conviction was for an " 'offense that is punishable by imprisonment for more than one year.' " United States v. Simmons, -- F.3d --, slip op.4. We rejected the rule established in Harp and Jones that looked to the maximum aggravated sentence authorized for a particular class of felony to determine whether the offense is punishable by a term of imprisonment exceeding one year.

We reasoned that--following recent Supreme Court precedent in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), and United States v. Rodriquez, 533 U.S. 377 (2008)--Harp and Jones

4

no longer remained good law. We held that, under the North Carolina Structured Sentencing Act, a defendant is convicted of a crime "punishable" by more than a year's imprisonment only if some offender possessing the same prior record level and convicted of similar aggravating factors could have received a sentence exceeding one year. Id. (slip op. 14-19).

Applying the Simmons holding here, we find that Thompson's 2004 conviction does not qualify as a "felony conviction" because it was not "punishable . . . for a term exceeding one year," U.S.S.G. § 2K2.1 cmt. n.1; an offender possessing the same prior record level and convicted of similar aggravating factors could not have received a sentence exceeding one year. In light of Simmons, Thompson's advisory Guidelines sentence was improperly calculated; thus, we vacate the district court's sentence and remand for resentencing.

## II.

We next review Thompson's objection to the district court's reimbursement order. Because Thompson failed to object to the order, we apply the plain error standard of review. United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009); Fed. R. Crim. P. 52(b). To warrant relief, Thompson must show that there was an "error" that is "plain" or obvious and that "affect[s] substantial

5

rights." United States v. Olano, 507 U.S. 725, 732 (1993). Additionally, we can decline to correct the error unless we find that it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (quoting United States v. Atkinson, 297 U.S. 157, 160 (1936)) (internal quotations marks omitted).

Before a district court may order reimbursement of court-appointed counsel fees, it must "find[] that funds are available for payment from or on behalf of a person furnished representation." 18 U.S.C. § 3006A(f). An explicit finding on the record that the defendant has the ability to pay is not required, and we may uphold reimbursement orders even if the sentencing court did not make a specific finding on availability of funds as long as there is sufficient evidence to support the court's decision and the defendant did not object to that evidence. See United States v. Behnezhad, 907 F.2d 896, 900 (9th Cir. 1990); United States v. Gurtunca, 836 F.2d 283, 288 (7th Cir. 1987).

We find sufficient evidence in the record to support the district court's reimbursement order. Thompson's history of prior work and the district court's instruction that Thompson receive vocational training and complete his GED while incarcerated supported the district court's finding that funds

would be available to reimburse Thompson's court-appointed counsel fees.

The district court's order also made clear that if Thompson could not make reimbursement immediately, he could make payments through the Inmate Financial Responsibility Program. Finally, if any balance remained following Thompson's release from prison, the Court directed Thompson to make a minimum payment of $50 per month while on supervised release, but permitted the schedule to be modified based on Thompson's economic circumstances. Based on this record, the district court did not plainly err in ordering the reimbursement for court-appointed attorney's fees.

Even assuming error, Thompson has not shown that the error affected his "substantial rights." In most cases, an error affecting substantial rights means the error was prejudicial, or it affected the outcome of the district court proceedings. Olano, 507 U.S. at 734. The defendant also bears the burden of persuasion with respect to prejudice. Id. Thompson has not shown that he was prejudiced by the district court's reimbursement order. As we have already noted, payments while Thompson is imprisoned will be in accord with the Inmate Financial Responsibility Program, and, upon his release, a probation officer will monitor Thompson's economic circumstances and recommend changes if warranted. Finally, if the Government

7

attempts to revoke his supervised release for non-payment, Thompson may assert lack of funds as a defense. See Gurtunca, 836 F.2d at 289. Accordingly, we affirm the district court's reimbursement order.

For the foregoing reasons, we (1) vacate the district court's imposition of a 60-month term of imprisonment and remand for resentencing, and (2) affirm the district court's reimbursement order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED IN PART,<br>
AFFIRMED IN PART,<br>
AND REMANDED